UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19cv20714

MARNEY FLORIN,

    Plaintiff,

v.                                         **COMPLAINT**

SOURCE RECEIVABLES MANAGEMENT, LLC,
and
SPRINT CORPORATION

    Defendants.

_____/

**COMPLAINT**

Plaintiff Marney Florin ("Plaintiff"), seeks redress for the unlawful conduct of Defendants, SOURCE RECEIVABLES MANAGEMENT, LLC ("Source") and SPRINT CORPORTION ("Sprint") (collectively "Defendants"), *to wit*, violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat §559.72 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and in support thereof, Plaintiff states the following:

**INTRODUCTION**

1.  The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. As set forth in more detail below, Defendants have attempted to collect a debt that was not owed by Plaintiff, in violation of §1692e and §1692f of the FDCPA and §559.72 of the FCCPA.  Accordingly, Plaintiff seeks statutory damages under the FDCPA and FCCPA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, §1367 and 28 U.S.C §1337.

5. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained of conduct occurred within the venue.

## DEMAND FOR JURY TRIAL

6. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

7. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

8. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

9. Source is a North Carolina limited liability company, with its principal place of business located in Greensboro, North Carolina.

10. Source engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

11. At all times material hereto, Source was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

12. Sprint is a Kansas corporation, with its principle place of business located in Overland Park, Kansas.

## FACTUAL ALLEGATIONS

13. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff *allegedly* incurred, primarily for personal, family, or household purposes.

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5).

15. On a date better known by Defendants, Defendants began attempting collect the Consumer Debt from Plaintiff.

16. On or about February 14, 2019 Source mailed a collection letter to Plaintiff seeking to recover a consumer debt allegedly owed to Sprint. *See* Exhibit A (the "Collection Letter").

17. The Collection Letter is addressed to a "Marney Florin A Stephen."

18. Plaintiff is not "Marney Florin A Stephen."

19. Plaintiff has never had an account with Sprint.

20. Plaintiff does not owe a debt to Sprint.

21. Sprint had prior knowledge that Plaintiff did not owe the Consumer Debt because, *inter alia*, the account was initially placed with another debt collection firm, D.A.S.I., INC.

22. Late last year, D.A.S.I., INC., previously attempted to collect the same debt from Plaintiff.

23. D.A.S.I., INC., was informed by Plaintiff that the consumer debt was disputed, and that it was not a debt incurred or owed by Plaintiff.

24. The debt was also being reported on Plaintiff's credit report.

25. Plaintiff even provided D.A.S.I., INC., with a police report documenting that the Sprint account was not that of Plaintiff.

26. After filing suit against D.A.S.I., INC. for violations of the FDCPA, Sprint removed the account from Plaintiff's credit report.

27. D.A.S.I., INC. ultimately conceded that they were collecting the Consumer Debt from the wrong person and conveyed this information to Sprint and returned the account to Sprint.

28. Even after Plaintiff proved that the debt was not hers, and Sprint being fully aware of such, Sprint nonetheless assigned the debt to Source for further collections against Plaintiff.

29. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e and § 1692e(2)(a), § 1692e(8) and § 1692e(10)**

30. Plaintiff incorporates the preceding Factual Allegations.

31. Source violated § 1692e and § 1692e(2)(a), § 1692e(8) and § 1692e(10) of the FDCPA by attempting to collect a debt that was not owed by Plaintiff.

## *COUNT II.*
## **VIOLATION OF 15 U.S.C. § 1692f and §1692f(1)**

32. Plaintiff incorporates the preceding Factual Allegations.

33. Source violated § 1692f and § 1692f(1) of the FDCPA by attempting to collect a debt that was not owed by Plaintiff.

## **COUNT III.**
## **VIOLATION OF THE FCCPA**

34. Plaintiff incorporates the preceding Factual Allegations.

35. Source and Sprint violated Fla. Stat. §559.72(9) by knowingly making false assertions regarding Plaintiff's legal rights/status with regards to the Consumer Debt.

36. Sprint violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

37. Sprint violated §559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

WHEREFORE, Plaintiff, request that the Court enter judgment in favor of Plaintiff for:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Source in attempting to collect the Consumer Debt.

(b) Statutory and actual damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violations committed by Defendants in attempting to collect the Consumer Debt from Plaintiff.

(c) An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: February 24, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi                           .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:           855-529-9540

*COUNSEL FOR PLAINTIFF*